IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY<br>d/b/a VOLVO CAR FINANCE, NORTH<br>AMERICA. | Case No. 4:06CV00004 |
| | **MEMORANDUM OPINION** |
| Plaintiff, | |
| v. | By: Jackson L. Kiser<br>Senior United States District Judge |
| CURNELL G. HAIRSTON<br>and<br>HAZEL K. HAIRSTON, | |
| Defendants. | |

Before me now is Ford Motor Credit Company ("Plaintiff") Motion for Fees, Costs and Interest against Curnell G. Hairston and Hazel K. Hairston ("Defendants"). The parties have briefed the issues pursuant to this Court's request. The motion is therefore ripe for decision. For the reasons stated herein, Plaintiff's Motion for Fees, Costs and Interest will be **GRANTED.** Defendants are directed to pay attorney fees of $27,850.00; litigation costs of $1,531.70; and the pre-judgment interest of $81,379.81, as well as post-judgment interest at the Treasury rate**.**

**I.      LEGAL STANDARD**

*A.      Attorneys' fees*

Attorneys' fees may be shifted by contractual agreement. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *United Food & Commercial Workers, Local 400 v.*

1

*Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989). In *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), the United State Supreme Court endorsed the "lodestar formula" for use by federal courts as a starting point in calculating awards of attorneys' fees: "a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In order to calculate a reasonable attorney's fee award, the Court must determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate. *See McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998) (citing *Daly v. Hall*, 790 F.2d 1071, 1077 (4th Cir. 1986)). In making this reasonableness determination, the Court must consider the twelve *Johnson* factors. *See EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) (adopting *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974))). Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226.

## II.    STATEMENT OF THE FACTS

Under the parties' Wholesale Guaranty agreement, Curnell and Hazel Hairston were liable to Ford Motor Co. for selling 38 cars out of trust. Defendants filed for Chapter 11 bankruptcy and Plaintiff subsequently began the foreclosure and liquidation process of the Hairston Motor's collateral. After liquidation of the remaining assets, Hairston Motor still owed

$992,552.78 to the Plaintiff. Defendants acknowledged this liability in a Wholesale Guaranty Agreement. This amount was not paid, and Plaintiff initiated this lawsuit on January 20, 2006.

## III. PROCEDURAL HISTORY

I granted summary judgment on the issue of liability in this case to the Plaintiff on October 2, 2004. I requested the parties' briefs on the issue of attorneys fees, pre and post-trial judgment interest and costs.

## IV. DISCUSSION

The Defendants in this case signed a Wholesale Guaranty agreement which included a clause in which "The Guarantors [Defendants] jointly and severally agree to pay and reimburse Volvo Finance [Plaintiffs] for all costs and expenses including reasonable attorneys' fees and expenses, that may be incurred . . . In any effort to enforce any of the obligations of any Guarantor under this Guaranty. . ." Defendants also signed a separate Forbearance Agreement with the Plaintiff agreeing to pay costs and expenses, including "all attorney's fees and costs actually incurred." In the briefs, the Plaintiff has addressed only "reasonable" attorneys' fees and costs, even though Plaintiff could have pressed for the fees and costs actually incurred under the Forbearance Agreement.

The starting point for any award of reasonable attorneys' fees begins with the "lodestar formula" which the United State Supreme Court defined as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Plaintiff seeks payment for 111.4 hours of work at the hourly rate of $250 an hour yielding a lodestar figure of $27,850.00. I find this figure to be reasonable.

In determining whether a legal fee is reasonable, the *Johnson* factors allow a court to take

into account "the attorney's opportunity costs in pressing the instant litigation; . . . the customary fee for like work. . . [and] the experience, reputation and ability of the attorney." *Barber*, 577 F.2d at 226. The Plaintiff's request for an hourly rate of $250 an hour represents a substantial discount for a firm with the size and reputation of McGuireWoods. Plaintiff's counsel made this downward departure from the rates they actually billed to Ford Credit in order to reflect a reasonable rate for comparable services by litigators of similar background in the Danville area. Had this suit been defended in Richmond against a similarly situated law firm, Defendants would be facing billing costs far in excess of $250 an hour. In *Moser v. Dominion Auto Center*, C. A. No. 4:04CV00092, I found that an hourly fee of $225 an hour was reasonable for an attorney who was a solo practitioner based in Danville as opposed to one of the largest firms in Virginia. Hence, I find that the Plaintiff's counsel's adjustment of their actual billing rate is reasonable.

I also find that 111.4 hours taken by Plaintiff to prepare this case and win their Motion for Summary Judgment to be a reasonable expenditure of time. While the Defendants quibbled over some of the hourly expenditures–such as travel costs and time spent researching or verifying facts–none of the time spent by Plaintiff's counsel is unreasonable on its face. A large firm necessarily has different procedures than a solo practitioner which may result in more billable time for the same task. Plaintiff's sum of $27,850.00 is therefore a reasonable figure for attorneys' fees in this case, and the Plaintiff is entitled to recover that amount.

Turning to the issue of litigation costs, the Plaintiff requested reimbursement for the following expenditures pursuant to their agreements with the Defendants:

CM/ECF access and research: $10.96
Westlaw and Lexis legal research: $1,322.00
Copy charges: $148.00
Long distance telephone charges: $32.40

Overnight express mailings: $18.34
Total: $1,531.70

The Defendants objected on the grounds that costs sought pursuant to Federal Rule of Civil Procedure 54(d)[1] were limited to the items enumerated under 28 U.S.C. §1920.[2] *Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 U.S. 437 (1987). While Defendants are correct, Rule 54 allows "Claims for attorneys' fees *and related nontaxable expenses* shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed R. Civ. P. 54(d)(2)(A) (emphasis added). The substantive law allows a party to shift litigation costs by contractual agreement. The Defendants agreed under two contracts to pay the Plaintiff's litigation costs. In *Crawford Fitting Co.* the Supreme Court held that a court awarding litigation costs is not bound by the statutory limit when there is a contract or other statute to the contrary. 482 U.S. at 439. Plaintiff is therefore entitled to recover nontaxable costs of $1,531.70.

The issue of pre and post judgment interest was not contested in this case. The Trial Court has the discretion to award pre-judgment interest. *Hitachi Credit America Corp. v. Signet*

---

[1] Actually, Defendants cited to "24(d)." I took this to be a typographical error as Rule 24 has no paragraph (d) and deals with intervention.

[2] The enumerated costs under 28 U.S.C. §1920 are:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Bank*, 166 F.3d 614, 633 (4th Cir. 1999). When the claim is based on a contract, the court should apply the higher of the contract interest rate or the statutory interest rate. *Id*. Virginia's statutory interest rate in is 6 percent. Va. Code Ann. § 6.1-330.54. The Wholesale Guaranty specifies a rate equal to that in the financing plan, which was prime plus 0.25% for financing new cars and prime plus 1.5% for used car floorplan financing. Because the principal amount in this case is a combination of both used and new car financing, the Plaintiff applied the lower rate of prime plus 0.25%. The amount owed by Defendants in this case was known in October, 2005. Given the fluctuations in the prime interest rate since then, the Plaintiff has calculated a pre-judgment interest rate from October 1, 2001 until October 2, 2006 (the date of the summary judgment order) to be $81,379.81. Post judgment interest is calculated from the date of the entry of judgment at the prevailing Treasury rate for the week preceding the date of judgment. 28 U.S.C. § 1961(a).

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Fees, Costs and Interest will be **GRANTED.** Defendants are directed to pay attorney fees of $27,850.00; litigation costs of $1,531.70; and the pre-judgment interest of $81,379.81, as well as post-judgment interest at the Treasury rate**.**

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 9th day of November, 2006.

s/Jackson L. Kiser  
Senior United States District Judge